UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
PERO ANTIC,

                               Plaintiff,

                 -against-

THE CITY OF NEW YORK, POLICE OFFICER
RICHARD CASTER, individually and in his capacity as
a member of the New York City Police Department,
POLICE OFFICER PAUL GIACONA, individually and in
his capacity as a member of the New York City Police
Department, POLICE OFFICER DANIEL DONGVORT,
individually and in his capacity as a member of the New
York City Police Department, POLICE OFFICER
MICHAEL SULLIVAN, individually and in his capacity as
a member of the New York City Police Department, and
JOHN and JANE DOES, said names being fictitious and
intended to represent individual officers, members, agents,
servants and/or employees of the New York City Police
Department in their individual and official capacity,

                               Defendants.

-----------------------------------------------------------------------X

**Civil Action No. 16-cv-2425
(JMF)**

**VERIFIED AMENDED
COMPLAINT**

**PLAINTIFF DEMANDS A
JURY**

       Plaintiff PERO ANTIC, by his attorneys, THE COCHRAN FIRM as and for a Verified

Amended Complaint herein, respectfully sets forth and alleges:

**NATURE OF THE CLAIMS**

      1.     This is a civil action for compensatory, injunctive, punitive and exemplary

damages for false arrest, unlawful imprisonment, assault, battery, negligence, civil rights

violations and malicious prosecution.

      2.     This action is to redress the deprivation under the color of statute, ordinances,

regulation, custom or usage of a right, privilege and immunity secured to the Plaintiff by the

1

United States Constitution, particularly, the 4th, 5th and 14th Amendments, 42 U.S.C. Sections

1983, 1985, 1986 and 1988, <u>Monell</u>, and the laws and statutes of New York State.

      3.     This action arises out of an incident occurring on or about the early morning of

April 8, 2015.

      4.     Defendants' conduct was knowing, malicious, wanton and in reckless disregard of

the Plaintiff's rights.  It has caused and continues to cause the Plaintiff to suffer substantial

economic and non-economic harm, severe mental anguish and emotional distress.

<b><u>JURISDICTION & VENUE</u></b>

      5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343

(1-4) and 2202 as this case involves a federal question based on the Plaintiff's protected rights

under the United States Constitution, particularly the  4th, 5th and 14th Amendments, 42 U.S.C. §§

1983 <u>et seq</u>, and <u>Monell</u>.  Plaintiff further invokes the supplemental jurisdiction of this Court to

adjudicate state law claims pursuant to 28 U.S.C. § 1367.  The matter in controversy exclusive of

interest and costs exceeds $100,000 (one hundred thousand dollars).

      6.     In addition, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1322 as

the Plaintiff is a citizen of Macedonia and the Defendants are residents of the State of New York.

      7.     Venue is proper in this district under 28 U.S.C. § 1391 (b).

<b><u>PARTIES</u></b>

      8.     Plaintiff PERO ANTIC is a professional basketball player who is a resident of

Macedonia, and currently resides in Istanbul, Turkey.

      9.     Defendant CITY OF NEW YORK is a municipal corporation duly existing under

and by virtue of the laws of the State of New York and maintains its principal place of business

at 100 Church Street, New York, New York 10007.  As part of its function, the City of New

2

York operates the New York City Police Department (hereinafter "NYPD"). In this capacity, its employees who were involved in the incident at issue are named in this Complaint.

10.    At all relevant times, POLICE OFFICER RICHARD CASTER, was a police officer of the NYPD and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of the Complaint.

11.    At all relevant times, POLICE OFFICER JOHN PAUL GIACONA, was a police officer of the NYPD and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of the Complaint.

12.    At all relevant times, POLICE OFFICER DANIEL DONGVORT, was a police officer of the NYPD and a representative of the City of New York, and he participated directly in the unlawful activity that is the subject of the Complaint.

13.    At all relevant times, POLICE OFFICER MICHAEL SULLIVAN, was a police officer of the NYPD and a representative of the City of New York, and he participated directly in the unlawful activity that is the subject of the Complaint.

14.    At all relevant times, Defendants "JOHN AND JANE DOES" were police officers and/or employees of the NYPD and representative of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

## PROCEDURAL REQUIREMENTS

15.    Within the requisite time period, a Notice of Claim was filed against the City of New York and the individually-named Defendants on July 2, 2015. After Plaintiff successfully defended against the criminal charges and they were dismissed on the merits on September 8, 2015, the Plaintiff filed a Notice of Claim on October 22, 2015 to include a claim for malicious prosecution.

16.     At least thirty (30) days elapsed since the Plaintiff filed his Notices of Claim, and the Defendants have not adjusted the same.

17.     Oral Examination of the Plaintiff PERO ANTIC was held on November 17, 2015 in compliance with Section 50-H of the General Municipal Law.

18.     All conditions and requirements precedent to the commencement of this action have been complied with.

## FACTUAL ALLEGATIONS

19.     The Plaintiff, a native Macedonian, began his career as a professional basketball player in 1999.

20.     During the course of his professional career, Mr. Antic has played basketball on different teams in various countries, including the United States, Russia, Greece and Bulgaria. Mr. Antic currently plays basketball in Turkey.

21.     In 2013, the Plaintiff signed a two-year contract with the Atlanta Hawks, a team that competes in the National Basketball Association (hereinafter "NBA").

22.     This was the Plaintiff's first time playing basketball professionally in the United States.

### *Plaintiff's April 8, 2015 Arrest*

23.     On or about April 8, 2015 at 3:00 AM, the Plaintiff, along with fellow teammate Thabo Sefolosha, went to 1 Oak, a lounge located at 453 W. 17th Street, New York, New York.

24.     Approximately a half hour after they arrived at 1 Oak, members of 1 Oak's security team notified the Plaintiff and Mr. Sefolosha that the police were closing down the lounge and they had to leave the premises.

25.     As the Plaintiff was exiting the lounge, members of the NYPD were forcefully pushing patrons that were exiting the club, including the Plaintiff and Mr. Sefolosha, and demanding they walk in a particular direction.

26.     The Plaintiff, along with his teammate, complied and walked away from 1 Oak. As they were walking away, the Plaintiff began making arrangements for a car service to bring them back to their hotel.

27.     Without any provocation or probable cause, members of the NYPD used excessive force against the Plaintiff. When members of the NYPD were pushing and shoving Mr. Sefolosha to the ground,  Plaintiff asked why they were treating Mr. Sefolosha in such a forceful manner. The Defendants then forcefully pushed Plaintiff to the ground and then ordered him to remain there. The Plaintiff did not resist at any time during his interaction with the NYPD.

28.     The Plaintiff was subsequently handcuffed and detained for several hours. He was released on his own recognizance and forced to defend against trumped up criminal charges of disorderly conduct and obstructing governmental administration.

29.     As a result of this wrongful arrest and subsequent malicious prosecution, news stories were written, broadcasted and printed throughout the world. ESPN, New York Daily News, Yahoo Sports, The Bleacher Report, The Atlanta Journal Constitution, NBC Sports, The Cleveland Plain Dealer, TMZ, SB Nation, Deadspin, The Score, Huffington Post, The Daily Mail, Fox Sports, LA Times, The Washington Post, New York Post, CBS News, The Telegraf, Vavel, The Macedonian Independent, Interaksyon and many, many other news outlets wrote about the arrest and false charges brought against the Plaintiff.

30.     The charges against him were dismissed by the New York County's District Attorney's Office on September 8, 2015, and Plaintiff thereby won the case on the merits.

31.     On account of the Defendants' unlawful actions and violations of the Plaintiff's civil rights, the Plaintiff has incurred legal fees, lost earnings, suffered reputational harm which has adversely affected him both professionally and personally, and he has also suffered emotional harm and mental anguish.

### FIRST CAUSE OF ACTION
### (False Arrest under 42 U.S.C. §1983)

32.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     The Defendants violated Plaintiff's constitutional rights by effectuating an unlawful arrest without just or probable cause.  More specifically, the Plaintiff was arrested for simply standing on the sidewalk and being a witness to unlawful NYPD actions. As a result, Defendants violated Plaintiff's 4th Amendment right under the U.S. Constitution and 42 U.S.C. § § 1983, et seq.

34.     As a result of the Defendants' actions, Plaintiff was injured, suffered mental anguish and great emotional upset.

35.     The resulting injuries sustained by the Plaintiff was caused solely by the Defendants, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of the Plaintiff contributing.

### SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. §1983)

36.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37.    Plaintiff was unlawfully placed in the custody of the NYPD and was wrongfully assaulted, battered, handcuffed, detained, confined and arrested without just cause or provocation.

38.    As a result of the foregoing, the Plaintiff's rights secured under the United States Constitution, particularly the 4th Amendment and 42 U.S.C. § 1983 were violated by the individually-named Defendants under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers.

### THIRD CAUSE OF ACTION
**(Malicious Prosecution under 42 U.S.C. § 1983)**

39.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40.    The Defendants, their servants, agents, sergeants, detectives, lieutenants, captains and/or employees intentionally, wantonly, maliciously and falsely prosecuted the Plaintiff for criminal charges of which he was wholly innocent in order to cover-up the wrongfulness of their conduct.

41.    The charges brought against the Plaintiff by the Defendants were solely for the purpose of shielding and/or purportedly justifying the unconscionable arrest and unlawful treatment and abuse perpetuated upon the Plaintiff and his teammate by the Defendants, all of which violated Plaintiff's rights under the 4th and 5th Amendments of the US Constitution and 42 U.S.C. § 1983.

42.    Through their actions the Defendants falsely intentionally, wantonly and maliciously prosecuted and/or caused, compelled, ordered, directed and/or permitted the

7

malicious prosecution of the Plaintiff, as a common criminal, causing and/or compelling him to appear in public and in Court.

43.     The charges brought against the Plaintiff were dismissed on the merits by motion of the New York County's District Attorney's Office on or about September 8, 2015.

## FOURTH CAUSE OF ACTION
### (Monell)

44.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     At all relevant times, Defendant CITY OF NEW YORK maintained a custom, practice and/or policy of allowing its guards, officers and/or employees of unjustly using physical force against members of the public.  They also maintained a custom, practice and/or policy of allowing its employees to bring false charges against victims of illegal conduct to cover their unconstitutional acts of violence.

46.     Their policies, customs and/or practices allowed the individually-named Police Officer Defendants and "John and Jane Does" to act in deliberate indifference to the rights of people like the Plaintiff under the U.S. Constitution in order to try and justify illegal conduct.

47.     As a result of the foregoing policies, customs and/or practices, Plaintiff has suffered and continues to suffer physical, psychological and economic harm.

## FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision as to Defendant City of New York under New York State Law)

48.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 47 inclusive, as if fully set forth herein.

49.     At all relevant times, Defendant City of New York had a duty to screen applicants for hire, retention or discharge with the NYPD those employees who are not fit, suitable,

8

properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

50.     At all relevant times, it was the duty of Defendant City of New York to sufficiently hire, train, retain personnel within the NYPD's Police Academy and at the Command, Precinct and Patrol levels so as to sufficiently discipline, supervise, promulgate, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, police officers, employees and/or personnel.

51.     Upon information and belief, the individually-named Police Officer Defendants were improperly trained, supervised and retained in violation of the standards set out by the NYPD Patrol Guide.

52.     As a result of the Defendants' breach of duty, the Plaintiff was caused to suffer injuries and damages without fault or contribution by the Plaintiff.

### SIXTH CAUSE OF ACTION
**(Intentional Torts under New York State Law- Assault, Battery and False Arrest)**

53.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 52, inclusive, as if fully set forth herein.

54.     As a result of the individually-named Defendant Police Officers' actions, the Plaintiff was wrongfully assaulted, battered, handcuffed, detained, confined and arrested without just or probable cause or provocation.

55.     As a result of the foregoing, the Plaintiff suffered physical injuries, pain, loss of enjoyment of life, and reputational harm.

## SEVENTH CAUSE OF ACTION
### (State Law Negligence)

56.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57.     The Defendant CITY OF NEW YORK negligently failed to provide for the safety, security and protection of the Plaintiff by failing to assist him properly and allowing him to be injured and suffer damages.

58.     In addition, the Defendant CITY OF NEW YORK negligently failed to prevent the within incidents of physical force and emotional distress by the individually-named Defendant Police Officers who were involved, and all of whom were acting within the course and scope of their employment for the said defendants.

59.     As a result of the foregoing, the plaintiff was injured and suffered damages.

## EIGHTH CAUSE OF ACTION
### (Malicious Prosecution under New York State Law)

60.     Plaintiff hereby repeats and realleges each and every allegation under paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.     The Defendants, their servants, agents, police officers, sergeants, detectives, lieutenants, captains and/or employees intentionally, wantonly, maliciously and false prosecuted the Plaintiff for criminal charges of which he was wholly innocent in order to cover up the wrongfulness of their conduct.

62.     The charges brought against the Plaintiff by the Defendants were solely made for the purpose of shielding and/or purportedly justifying the unconscionable arrest and unlawful treatment and abuse perpetuated upon the Plaintiff by the Defendants, all of which violated Plaintiff's rights under New York State law.

63.     By reason of the foregoing, the Plaintiff suffered emotional and reputational harm from the moment of this incident and continuing to this day and beyond.

That this action falls within one or more of the exceptions set forth in CPLR 1602.

64.     Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

65.     Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

66.     Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiff's damages.

67.     Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against the Defendants, containing the following relief:

A.     An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for his monetary and/or economic damages;

B.     An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all his non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress, conscious pain and suffering, pecuniary loss, anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

C.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees under 42 U.S.C. § 1988 and to the fullest extent permitted by law; and

D.     Punitive damages against the individually-named Police Defendants in their individual capacities; and

E.     Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact and damages.

Dated:  New York, New York
        May 16, 2016

                                   Yours, etc.,


                                   _____
                                   Derek S. Sells, Esq. (DS-8891)
                                   Stephanie R. Correa, Esq. (SC- 7250)
                                   THE COCHRAN FIRM
                                   Attorneys for Plaintiff
                                   55 Broadway, 23rd Floor
                                   New York, New York 10006
                                   T: (212) 553-9215
                                   F:  (212) 227-8763

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK    )
                      ).SS:
COUNTY OF NEW YORK )

       I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

       I am associated with THE COCHRAN FIRM, attorneys for the plaintiff.  I have read the annexed AMENDED COMPLAINT and know the contents thereof.  The same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with my client, records, reports, documents, correspondence, data, memoranda, etc., contained in the litigation file.

       The reason I make this verification instead of plaintiff is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

       I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       May 16, 2016

                                           DEREK S. SELLS