USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  08/14/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                         :

PERO ANTIC,                              :

                      Plaintiff,       :            16-CV-2425 (JMF)

                                :

          -v-                   :    MEMORANDUM OPINION

                                :      AND ORDER

THE CITY OF NEW YORK, et al.,    :

                                :

                 Defendants.    :

                                :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered on July 27, 2017, familiarity with which is assumed, the Court granted summary judgment to Defendants and dismissed Plaintiff Pero Antic's claims of false arrest, malicious prosecution, excessive force, and municipal liability.  (Docket No. 69 ("July 27, 2017 Opinion")).  Antic now moves for reconsideration of the Court's decision, alleging that the Court erroneously disregarded a report by his purported expert, Walter Signorelli (the "Signorelli Report"), that purportedly "goes to the heart of [his] claims and creates clear issues of fact which would have significantly impacted the Court's summary judgment decision regarding false arrest, excessive force, and Plaintiff's Monell claims." (Docket No. 72 ("Pl.'s Motion for Reconsideration"), at 2).

      Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012).  "The major grounds justifying reconsiderations

are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (internal quotation marks omitted). Ultimately, "a district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Measured against these stringent standards, Antic's motion is frivolous. Antic contends that the Court erred in disregarding the Signorelli Report on the ground that it had not been disclosed to Defendants, noting that the Court had extended the deadline for expert discovery until after Defendants' motion for summary judgment was fully submitted and representing that it was disclosed after Defendants filed their reply. (Pl.'s Motion for Reconsideration 2-3). That may be so (although, conspicuously, Antic did not alert the Court that he had disclosed the Report even though Defendants urged the Court in their reply to disregard it on the ground that Antic had not disclosed it during expert discovery (Docket No. 64, at 10)), but Antic ignores the fact that the Court went on, in the alternative, to address the Report on the merits. (*See* July 27, 2017 Opinion at 20 n.6 ("*In any event*, . . . the report provides no basis for a *Monell* claim." (emphasis added))).

Second, and in any event, Antic now presses arguments that he failed to make in his opposition to Defendants' motion. As noted, he now argues that the Signorelli Report "goes to

the heart of [his] claims and creates clear issues of fact" not only with respect to his *Monell* claim, but also with respect to his false arrest and excessive force claims. (Pl.'s Motion for Reconsideration 2). In his opposition to Defendants' motion, however, Antic cited the Signorelli Report only once, and then only in support of his *Monell* claim. (Docket No. 60, at 17). He did not argue, as he does now, that the Report created issues of fact with respect to his underlying false arrest and excessive force claims. A motion for reconsideration, however, "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and ellipsis omitted).

Third, and in any event, Antic's new arguments are meritless. Antic argues that the Court erred in light of Signorelli's opinions — based on the exact same evidence reviewed by the Court — that Defendants use excessive force and lacked probable cause to arrest. It is well settled, however, that a purported expert such as Signorelli may not offer legal conclusions or advance opinions with respect to officers' compliance with constitutional standards (including whether the officers are entitled to qualified immunity). *See, e.g.*, *Fate v. Village of Spring Valley,* No. 11–CV–6838 (JPO), 2013 WL 2649548, at *6 (S.D.N.Y. June 13, 2013). In fact, several courts in this Circuit have explicitly applied that principle to exclude testimony *by Signorelli himself* along the lines of what Antic relies on here. *See, e.g.*, *Creighton v. City of New York*, No. 12-CV-7454 (PGG), 2017 WL 636415, at *29 n.39 (S.D.N.Y. Feb. 14, 2017) (refusing — on cross-motions for summary judgment — to rely on, or defer to, Signorelli's opinion that the defendants had lacked probable cause to arrest the plaintiff); *Stern v. Shammas*, No. 12-CV-5210 (NGG) (RER), 2015 WL 4530473, at *3 (E.D.N.Y. July 27, 2015) (precluding Signorelli from offering "legal conclusions," including "any opinions that the force used by Defendants was

'unreasonable' or that Defendants lacked probable cause to make an arrest" (citing cases));

*Caceres v. Port Auth. of New York & New Jersey*, 646 F. Supp. 2d 412, 430 (S.D.N.Y. 2009)

(holding that Signorelli "was not competent to testify" to the "ultimate determination" of

whether the defendant officer had acted in an "objectively reasonable" fashion and was thus

entitled to qualified immunity), *aff'd in relevant part*, 631 F.3d 620 (2d Cir. 2011); *cf. De

Michele v. City of New York*, No. 09-CV-9334 (PGG), 2012 WL 4354763, at *21 (S.D.N.Y.

Sept. 24, 2012) (noting that a report by Signorelli did "not address the training actually provided

to NYPD officers" and, thus, did "not support Plaintiff's *Monell* claim").

In short, Antic's motion for reconsideration falls well short of the applicable standard. It

can be — and is — denied even without a response from Defendants.

The Clerk of Court is directed to terminate Docket Nos. 71 and 72.


SO ORDERED.

Dated: August 14, 2017
      New York, New York

                              JESSE M. FURMAN
                            United States District Judge